ANDERSON, DIRECTOR, CALIFORNIA DEPART-
MENT OF SOCIAL SERVICES, ET AL. *v.*
GREEN ET AL.

No. 94–197.   Argued January 17, 1995—Decided February 22, 1995

*Theodore Garelis,* Deputy Attorney General of California, argued the cause for petitioners. With him on the briefs were *Daniel E. Lungren,* Attorney General, *Charlton G. Holland III,* Assistant Attorney General, *Dennis Eckhart,* Supervising Deputy Attorney General, and *Andrea Lynn Hoch,* Deputy Attorney General.

*Kathleen M. Sullivan* argued the cause for respondents. With her on the brief were *Sarah E. Kurtz, Hope G. Nakamura, Peter H. Reid, Mark D. Rosenbaum, Grace A. Galligher,* and *Steven Shapiro.**

PER CURIAM.

Under Aid to Families With Dependent Children (AFDC), 49 Stat. 627, as amended, 42 U. S. C. § 601 *et seq.,* the Federal Government partially reimburses States for welfare programs that either comply with all federal prescriptions or receive a waiver from the Secretary of Health and Human Services (HHS). 42 U. S. C. § 1315. California seeks to change its AFDC program by limiting new residents, for the first year they live in California, to the benefits paid in the State from which they came. See Cal. Welf. & Inst. Code Ann. § 11450.03 (West Supp. 1994). Green and other new residents who receive AFDC benefits challenged the constitutionality of this California statute in a federal court action; they maintain that the payment differential between new and long-term residents burdens interstate migration and thus violates the right to travel recognized in *Shapiro* v.

*Briefs of *amici curiae* urging reversal were filed for Minnesota et al. by *Hubert H. Humphrey III,* Attorney General of Minnesota, and *Jocelyn F. Olson,* Assistant Attorney General, joined by the Attorneys General for their respective jurisdictions as follows: *Robert A. Butterworth* of Florida, *Robert A. Marks* of Hawaii, and *Ernest D. Preate, Jr.,* of Pennsylvania; for the Pacific Legal Foundation by *Ronald A. Zumbrun, Anthony T. Caso,* and *Deborah J. La Fetra;* and for the Washington Legal Foundation et al. by *Daniel J. Popeo* and *David A. Price.*

Briefs of *amici curiae* urging affirmance were filed for the American Bar Association by *George E. Bushnell, Jr., Paul M. Smith,* and *Marc Goldman;* for Catholic Charities U. S. A. et al. by *Daniel Marcus;* for Law Professors by *Jonathan D. Varat;* for the National Welfare Rights and Reform Union by *Timothy J. Casey* and *Christopher D. Lamb;* and for the NOW Legal Defense and Education Fund et al. by *Martha F. Davis* and *Deborah A. Ellis.*

*William Perry Pendley* filed a brief for the Mountain States Legal Foundation et al. as *amici curiae.*

*Thompson,* 394 U. S. 618 (1969), and its progeny. The United States District Court for the Eastern District of California enjoined the payment differential, 811 F. Supp. 516, 523 (1993), and the United States Court of Appeals for the Ninth Circuit affirmed, 26 F. 3d 95 (1994). We granted California's petition for certiorari. *Post,* p. 922. We now find, however, that no justiciable controversy is before us, because the case in its current posture is not ripe.

The California statute provides that the payment differential shall not take effect absent receipt by the State of an HHS waiver. See Cal. Welf. & Inst. Code Ann. § 11450.03(b) (West Supp. 1994). HHS originally granted a waiver, which was in effect when the District Court and Court of Appeals ruled. But "ripeness is peculiarly a question of timing," and "it is the situation now rather than the situation at the time of the [decision under review] that must govern." *Regional Rail Reorganization Act Cases,* 419 U. S. 102, 140 (1974). After the Court of Appeals ruled in this case, it vacated the HHS waiver in a separate proceeding, concluding that the Secretary had not adequately considered objections to California's program. *Beno* v. *Shalala,* 30 F. 3d 1057, 1073–1076 (CA9 1994). The Secretary did not seek this Court's review of the *Beno* decision. California acknowledges that even if it prevails here, the payment differential will not take effect. Tr. of Oral Arg. 3–6. Absent favorable action by HHS on a renewed application for a waiver, California will continue to treat Green and others similarly situated the same way it treats long-term California residents. The parties have no live dispute now, and whether one will arise in the future is conjectural. See *Hall* v. *Beals,* 396 U. S. 45 (1969) *(per curiam)* (after this Court noted probable jurisdiction, Colorado Legislature reduced to two months challenged six-month residency requirement for voting in Presidential elections; revival of controversy consequently became too speculative to warrant Court's passing on substantive issues).

In view of the impediment to dispositive adjudication, we direct the vacation of prior judgments in this case. As we explained earlier this Term, in deciding whether to disturb prior judgments in a case rendered nonjusticiable, we have inquired, pivotally, "whether the party seeking relief from the judgment below caused the [nonjusticiability] by voluntary action." *U. S. Bancorp Mortgage Co.* v. *Bonner Mall Partnership, ante,* at 25. Unlike settlement, see *ibid.,* or a losing party's decision to forgo appeal, see *Karcher* v. *May,* 484 U. S. 72, 83 (1987), California's loss of the federal approval necessary to implement its program was not voluntary. Vacatur is appropriate, therefore, to "clea[r] the path for future relitigation of the issues between the parties and [to] eliminat[e] a judgment, review of which was prevented through happenstance." *United States* v. *Munsingwear, Inc.,* 340 U. S. 36, 40 (1950).

Accordingly, the judgment of the United States Court of Appeals is vacated, and the case is remanded to that court with directions to order the vacation of the District Court's judgment and the dismissal of the case.

*It is so ordered.*