**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 20 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

T. LESLIE BARR,

Plaintiff-Appellant,

v.

NATIONAL CONFERENCE OF BAR
EXAMINERS,

Defendant-Appellee.

No. 98-6216
(W. Dist. Oklahoma)
(D.C. No. CIV-97-1159-M)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **BARRETT**, and **HENRY**, Circuit Judges.

T. Leslie Barr (Barr) appeals the district court's grant of summary judgment in favor of the

National Conference of Bar Examiners (NCBE) on his Title III Americans with Disabilities Act

(ADA) claim, 42 U.S.C. § 12189, and the district court's taxation of $1,182.47 in costs against him.

Background

NCBE is a private nonprofit corporation whose purposes include research and development

regarding the professional licensing of attorneys throughout the United States. NCBE funds its

research and development through the sale of licensing tests, including the Multistate Professional

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Responsibility Examination (MPRE) and the Multistate Bar Examination (MBE). NCBE makes its tests available to the visually impaired in Braille or large print, on cassette tape, and through the use of a qualified reader, with additional time in which to take the test.

In October, 1995, while a student at the University of Oklahoma Law School, Barr, who is blind, requested to take the November, 1995, MPRE on a personal computer, outfitted with a voice synthesizer and screen access software, with a computer diskette of the MPRE questions and proposed answers, and double time to take the test. NCBE denied his request and offered him its standard accommodations, i.e., Braille or large print, on cassette tape, or through the use of a qualified reader, with additional time. Barr chose to take the test via cassette tape with double time. He did not obtain a scaled score sufficient to meet Oklahoma's requirements.

After graduating from law school, Barr requested to take the July, 1997, MBE, which is part of the Oklahoma Bar Examination, using the same computer accommodations. NCBE denied his request. Barr chose to take the test with the use of a qualified reader and passed. Barr repeated his accommodation request for the November, 1997, MPRE. NCBE again denied his request. Barr took the MPRE with the aid of a qualified reader, but failed to obtain a sufficient score for licensing in Oklahoma.

On July, 14, 1997, Barr filed this action against the NCBE, claiming, *inter alia*, that "[o]n or about October 15, 1995, Defendants NCBE et al [sic] engaged in unlawful testing practices in violation of the ADA [42 U.S.C. § 12189]. . ., [by] refusing to make reasonable accommodations to the known disability of the Plaintiff, and required Plaintiff to take the MPRE Exam under adverse conditions, and as a proximate cause of the refusal for the accommodation, Plaintiff was unable to obtain a sufficient score which caused Defendant BARR [sic] humiliation, emotional and physical

distress, and economic loss." (App. at 45 ¶10.) Barr prayed for compensatory, consequential, and punitive damages, as well as declaratory and injunctive relief. *Id*. at 46.

In early 1998, NCBE denied Barr's computer accommodation request for the March, 1998, MPRE. Barr took the exam with a qualified reader and received a sufficient score for admission to the Oklahoma bar.

On April 8, 1998, the district court granted NCBE's motion for summary judgment. *Id*. at 180-91. The district court rejected Barr's argument that NCBE must provide his preferred method of accommodation. *Id*. at 188. On May 8, 1998, Barr filed his notice of appeal, appealing the "above captioned proceeding on the 8th day of April, 1998." *Id*. at 192.

On April 22, 1998, NCBE filed its Bill of Costs in the amount of $1,182.47. Barr did not object and the court clerk taxed costs against him on May 21, 1998. Barr then filed a motion to review the clerk's taxation of costs. On June 10, 1998, the district court affirmed the court clerk's taxation of costs against Barr. *Id*. at 212-14 The court found that although Barr was allowed to proceed *in forma pauperis* on July 21, 1997, during the course of the proceedings he became fully eligible for licensing to practice law in Oklahoma, paid certain fees to become eligible to practice law, and was employed as a law clerk with the Department of Labor in the fall of 1997. *Id*. at 214. Barr did not file a notice of appeal regarding this order.

On appeal, Barr contends that: (1) the district court erred in granting summary judgment in favor of NCBE, and (2) the district court erred in taxing costs against him in view of his *in forma pauperis* status. Barr argues that NCBE was not entitled to summary judgment because it utilized predetermined methods of accommodation, without individualized assessment or an orderly deductive process, which is not sufficient under the ADA as a matter of law. In regard to costs, Barr

claims that the district court erred in allowing the taxation of costs because no credible evidence was offered concerning his financial worth.

We review the district court's order granting summary judgment *de novo*, applying the same legal standard as the district court. *Thomas v. International Bus. Machs.*, 48 F.3d 478, 484 (10th Cir. 1995). Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "We examine the factual record and reasonable inferences therefrom in the light most favorable to [the non-movants], who opposed summary judgment." *Thomas*, 48 F.3d at 484. We review the district court's Order upholding the clerk's taxation of costs for abuse of discretion. *Lockard v. Pizza Hut, Inc.*, 162 F.3d 1062, 1076 (10th Cir. 1998). "We will reverse the district court's factual findings only if we have a definite and firm conviction that the [district] court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Brandau v. State of Kansas*, 168 F.3d 1179, 1181 (10th Cir. 1999) (internal quotations omitted), *petition for cert. filed*, ___ U.S.L.W. ___ (U.S. Apr. 26, 1999) (No. 98-1705).

Discussion

I. ADA

This court may only adjudicate live controversies. *Bauchman v. West High Sch.*, 132 F.3d 542, 548 (10th Cir. 1997), *cert. denied*, 118 S.Ct. 2370 (1998). Thus, as a preliminary matter, we must determine if this case, either in the district court or on appeal, was mooted upon Barr's successful score on the MPRE in March, 1998.

On April 1, 1998, the district court granted NCBE's motion to strike Barr's damages claims.

- 4 -

(Appellant's App. at 218 #67). Thus, Barr's remaining potential remedies were injunctive and declaratory relief.[1] On April 7, 1998, NCBE filed a supplement to its motion for summary judgment with the district court, advising the court that Barr earned a sufficient scaled score on the March, 1998, MPRE for licensing in the State of Oklahoma. *Id.* at 173-77. However, this supplement was not entered on the district court's docket sheet until April 8, 1998, the same day the district court entered its Order granting NCBE's motion for summary judgment. *Id.* at 218 #68. Thus, the district court did not have notice of Barr's success on the March, 1998, MPRE before entering its Order.

As a matter of law, Barr's claims for injunctive and declaratory relief were moot once he passed the MPRE, the exam for which he requested the injunctive and declaratory relief. It would be absurd for a court to order NCBE to grant Barr's accommodation request for the MPRE once he passed the exam. *See Ashcroft v. Mattis*, 431 U.S. 171, 172-73 (1977) (claim for declaratory relief moot when no "present right" is involved and the primary interest is the emotional satisfaction of a favorable ruling); *Bauchman*, 132 F.3d at 548-49 (claims for injunctive and declaratory relief, based on alleged violation of her constitutional rights resulting from teacher's and school district's choice and authorization of Christian songs for performance by high school choir in which student was member, were moot, once student graduated from high school).

We hold that the district court's Order is not moot because it did not have knowledge of his passage of the MPRE before it entered its Order. However, we hold that Barr's passage of the March, 1998, MPRE moots his appeal of the district court's Order of April 8, 1998, on his ADA claim for injunctive and declaratory relief.

---

[1]     Additionally, at oral argument Barr stated, through counsel, that he stipulated to the dismissal of the damages claims.

Generally, when a civil case becomes moot pending appellate adjudication, we vacate the judgment below and remand with a direction to dismiss. *Adarand Constructors, Inc. v. Slater*, 169 F.3d 1292, 1298 (10th Cir. 1999). Accordingly, we vacate the district court's Order of April 8, 1998, and remand with directions to dismiss the case. *See Anderson v. Green*, 513 U.S. 557, 560 (1995) ("In view of the impediment to dispositive adjudication, we direct the vacation of prior judgments in this case.").

## II. Costs

Barr contends that the district court erred in affirming the court clerk's taxation of costs against him in view of his *in forma pauperis* status, without any credible evidence regarding his financial net worth, and without giving him an opportunity to respond. NCBE contends that we lack jurisdiction to consider the district court's order regarding costs because Barr failed to file a timely notice of appeal with respect to that order.

On April 22, 1998, NCBE filed its Bill of Costs in the amount of $1,182.47. Barr did not object to the Bill of Costs and the clerk taxed costs on May 21, 1998. Thereafter, Barr asked the district court to set aside the clerk's taxation of costs on the grounds that he had earlier received permission to proceed *in forma pauperis*. On June 10, 1998, the district court, by order, declined to disturb the clerk's award of costs. Barr did not file a separate notice of appeal regarding the district court's June 10, 1998, Order.

Federal Rule of Appellate Procedure 4(1)(A) requires the appealing party to file a notice of appeal within 30 days from the order appealed. The 30-day time for filing a notice of appeal is extended for certain motions. *See* Fed. R. App. P. 4(4)(A)(I)-(vi). A Bill of Costs, however, is not such a motion. In order to timely appeal the district court's June 10, 1998, Order, Barr must have

- 6 -

filed a notice of appeal no later than July 10, 1998, 30 days from the entry of the order. He did not

do so. *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200 (1988) (decision on the merits

and award of attorney fees independently appealable); *TBG, Inc. v. Bendis*, 36 F.3d 916, 921 (10th

Cir. 1994) ("[A] motion to reconsider one final judgment does not extend the time to appeal another

final judgment just because they are part of the same litigation."); *Wielgos v. Commonwealth Edison

Co.*, 892 F.2d 509, 511-12 (7th Cir. 1989) (motion to reconsider separately appealable award of costs

does not effect the time for appealing the judgment on the merits). *Cf. Lampkin v. International

Union, United Auto., Aerospace and Agric. Implement Workers of Am. (UAW)*, 154 F.3d 1136, 1141

(10th Cir. 1998) (award of attorneys' fees inseparable from the merits of the claim under unique

circumstances of the case). Therefore, we are without jurisdiction to consider this issue on appeal.

<u>Conclusion</u>

The April 8, 1998, Order of the district court is **VACATED** as to Barr's ADA claims for

declaratory and injunctive relief and the case is **REMANDED** with instructions to dismiss.


Entered for the Court:


James E. Barrett,
Senior United States
Circuit Judge