# United States Court of Appeals
# for the Federal Circuit

---

**SYNOPSYS, INC.,**
*Plaintiff-Appellant*

**v.**

**MICHELLE K. LEE, DIRECTOR, U.S. PATENT AND TRADEMARK OFFICE, AND UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY, UNITED STATES PATENT AND TRADEMARK OFFICE, MENTOR GRAPHICS CORPORATION,**
*Defendants-Appellees*

---

2015-1183

---

Appeal from the United States District Court for the Eastern District of Virginia in No. 1:14-cv-00674-JCC-IDD, Judge James C. Cacheris.

---

Decided: February 10, 2016

---

ROBERT M. LOEB, Orrick, Herrington & Sutcliffe LLP, Washington, DC, argued for plaintiff-appellant. Also represented by ERIC A. SHUMSKY, JEREMY PETERMAN; INDRA NEEL CHATTERJEE, Menlo Park, CA; ANDREW D. SILVERMAN, New York, NY.

MELISSA N. PATTERSON, Appellate Staff, Civil Division, United States Department of Justice, Washington, DC, argued for defendants-appellees Michelle K. Lee, United States Patent and Trademark Office. Also represented by BENJAMIN C. MIZER, DANA J. BOENTE, MARK R. FREEMAN; DAVID MOSKOWITZ, Office of the United States Attorney for the Eastern District of Virginia, Alexandria, VA; NATHAN K. KELLEY, JAMIE LYNNE SIMPSON, SCOTT WEIDENFELLER, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA.

ROBERT ALLEN LONG, JR., Covington & Burling LLP, Washington, DC, argued for defendant-appellee Mentor Graphics Corporation. Also represented by KEVIN F. KING; BRADLEY CHARLES WRIGHT, Banner & Witcoff, Ltd., Washington, DC.

————————————

Before NEWMAN, DYK, and WALLACH, *Circuit Judges.*

Opinion for the court filed by *Circuit Judge* DYK.

Dissenting opinion filed by *Circuit Judge* NEWMAN.

DYK, *Circuit Judge.*

Synopsys, Inc. ("Synopsys") brought a suit in district court under the Administrative Procedure Act ("APA") seeking to invalidate the Patent and Trademark Office's ("PTO") regulation that allows the Patent Trial and Appeal Board ("the Board") to institute inter partes review on "all or some of the challenged claims" 37 C.F.R. § 42.108. The suit also challenged the PTO's practice of issuing final decisions on fewer than all of the claims raised in a petition. The district court dismissed the suit, finding that "Congress intended to preclude this Court from reviewing inter partes proceedings under the APA" and, alternatively, that the appeal from a final written decision of an inter partes review provides an adequate

remedy, thus barring judicial review. *Synopsys, Inc. v. Lee*, No. 1:14CV674 (JCC/IDD), 2014 WL 5092291, at *9 (E.D. Va. Oct. 9, 2014). Synopsys appeals.

In a companion case decided today, *Synopsys Inc. v. Mentor Graphics Corp.*, No. 14-1516, slip op. (Fed. Cir. Feb. 10, 2015) ("*Synopsys* 1516"), Synopsys appealed from a final order of the Board concerning inter partes review of U.S. Patent No. 6,240,376, alleging that the final order was defective because it failed to address every claim challenged in the petition for inter partes review. In resolving the case, we upheld the validity of the regulation and the practice of the Board issuing decisions on fewer than all of the claims raised in a petition for inter partes review. *Synopsys* 1516, at 8–12. Our decision in the companion case resolves all of the substantive issues presented in this case; nothing remains to be decided.

We therefore now vacate the district court's opinion and dismiss the appeal as moot. *See Anderson v. Green*, 513 U.S. 557, 560 (1995); *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39–40 (1950). We find that, having resolved the validity of the regulation and the practice of the PTO in the companion appeal, *see Synopsys* 1516, this case no longer presents a "sufficient prospect that the decision will have an impact on the parties." *See* 13B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3533 (3d ed. 2008).

It is well settled that the "case-or-controversy requirement," including mootness, "subsists through all stages of federal judicial proceedings, trial and appellate." *Fed. Election Comm'n v. Wisconsin Right To Life, Inc.*, 551 U.S. 449, 461 (2007) (internal citations and quotation marks omitted). Thus, "an appeal should [] be dismissed as moot when, by virtue of an intervening event, a court of appeals cannot grant 'any effectual relief whatever' in

favor of the appellant." *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (per curiam). Where a party challenges agency action alternatively in two separate suits, and a decision in one case resolves the issues presented in the companion case, the companion case becomes moot. *See Dep't of Commerce v. U.S. House of Representatives*, 525 U.S. 316, 344 (1999); *Pharmachemie B.V. v. Barr Labs., Inc.*, 276 F.3d 627, 631 (D.C. Cir. 2002); 13C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3533.10 (3d ed. 2008) ("Among the circumstances that create mootness are rulings in other adjudicatory proceedings, including rulings by the same court in the same or companion proceedings.") The plaintiff here appears to agree. *See* Response and Reply Brief of Appellant at 34, n.6, *Synopsys*, No. 14-1516 (Fed. Cir. Feb. 10, 2016). This case, thus, is now moot.

## DISMISSED AS MOOT

Costs

No Costs

# United States Court of Appeals
# for the Federal Circuit

---

**SYNOPSYS, INC.,**
*Plaintiff-Appellant*

v.

**MICHELLE K. LEE, DIRECTOR, U.S. PATENT AND TRADEMARK OFFICE,** AND **UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY, UNITED STATES PATENT AND TRADEMARK OFFICE, MENTOR GRAPHICS CORPORATION,**
*Defendants-Appellees*

---

2015-1183

---

Appeal from the United States District Court for the Eastern District of Virginia in No. 1:14-cv-00674-JCC-IDD, Judge James C. Cacheris.

---

NEWMAN, *Circuit Judge*, dissenting.

Our Nation's patent system is a foundational aspect of our republic. As the complexity of government progressed, the Administrative Procedure Act (APA) took its place at the core of how the Nation operates. In attuning these aspects to the complexities of patent law, the America Invents Act removed from the standard path of APA review those issues relating to the America Invents Act. Thus by statute all judicial review is consolidated in the

Federal Circuit. As such, the district court correctly dismissed this appeal for absence of jurisdiction.

Because the district court did not have jurisdiction, it appropriately dismissed the case on that ground. Absence of jurisdiction does not render a case "moot", as the panel majority posits, for there is nothing to moot. Our necessary role is to decide the question of jurisdiction, for that is what was appealed.

The district court's ruling was in accordance with the statute, and should be affirmed. To the extent that the panel majority has reached some other conclusion, I respectfully dissent.