Opinion for the court filed by Circuit Judge DYK. Dissenting opinion filed by Circuit Judge NEWMAN.
DYK, Circuit Judge.
Synopsys, Inc. (“Synopsys”) brought a suit in district court under the Administrative Procedure Act (“APA”) seeking to invalidate the Patent and Trademark Office’s (“PTO”) regulation that allows the Patent Trial and Appeal Board (“the Board”) to institute inter partes review on “all or some of the challenged claims” 37 C.F.R. § 42.108. The suit also challenged the PTO’s practice of issuing final decisions on fewer than all of the claims raised in a petition. The district court dismissed the suit, finding that “Congress intended to preclude this Court from reviewing inter partes proceedings under the APA” and, alternatively, that the appeal from a final written decision of an inter partes review provides an adequate remedy, thus barring judicial review. Synopsys, Inc. v. Lee, No. 1:14CV674 (JCC/IDD), 2014 WL 5092291, at *9 (E.D.Va. Oct. 9, 2014). Synopsys appeals.
In a companion case decided today, Synopsys Inc. v. Mentor Graphics Corp., No. 14-1516, slip op., 814 F.3d 1309, 2016 WL 520236 (Fed.Cir. Feb. 10, 2016) (“Synopsys 1516”), Synopsys appealed from a final order of the Board concerning inter partes review of U.S. Patent No. 6,240,-376, alleging that the final order was defective because it failed to address every claim challenged in the petition for inter partes review. In resolving the case, we upheld the validity of the regulation and the practice of the Board issuing decisions on fewer than all of the claims raised in a petition for inter partes review. Synopsys 1516, 814 F.3d at 1319-24, 2016 WL 520236, at *8-12. Our decision in the companion case resolves all of the substantive issues presented in this case; nothing remains to be decided.
We therefore now vacate the district court’s opinion and dismiss the appeal as moot. See Anderson v. Green, 513 U.S. 557, 560, 115 S.Ct. 1059, 130 L.Ed.2d 1050 (1995); United States v. Munsingwear, Inc., 340 U.S. 36, 39-40, 71 S.Ct. 104, 95 L.Ed. 36 (1950). We find that, having, resolved the validity of the regulation and the practice of the PTO in the companion appeal, see Synopsys 1516, this case no longer presents a “sufficient prospect that the decision will have an impact on the parties.” See 13B Charles Alan Wright, *1078 Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3533 (3d ed.2008).
It is well settled that the “case-or-controversy requirement,” including mootness, “subsists through all stages of federal judicial proceedings, trial and appellate.” Fed. Election Comm’n v. Wisconsin Right To Life, Inc., 551 U.S. 449, 461, 127 S.Ct. 2652, 168 L.Ed.2d 329 (2007) (internal citations and quotation marks omitted). Thus, “an appeal should [] be dismissed as moot when, by virtue of an intervening event, a court of appeals cannot grant ‘any effectual relief whatever’ in favor of the appellant.” Calderon v. Moore, 518 U.S. 149, 150, 116 S.Ct. 2066, 135 L.Ed.2d 453 (1996) (per curiam). Where a party challenges agency action alternatively in two separate suits, and a decision in one case resolves the issues presented in the companion case, the companion case becomes moot. See Dep’t of Commerce v. U.S. House of Representatives, 525 U.S. 316, 344, 119 S.Ct. 765, 142 L.Ed.2d 797 (1999); Pharmachemie B.V. v. Barr Labs., Inc., 276 F.3d 627, 631 (D.C.Cir.2002); 13C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3533.10 (3d ed. 2008) (“Among the circumstances that create mootness are rulings in other adjudicatory proceedings, including rulings by the same court in the same or companion proceedings.”) The plaintiff here appears to agree. See Response and Reply Brief of Appellant at 34, n. 6, Synopsys, No. 14-1516 (Fed. Cir. Feb. 10, 2016). This case, thus, is now moot.
DISMISSED AS MOOT
Costs
No Costs.