# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 15, 2021

Lyle W. Cayce
Clerk

————————

No. 20-20328

————————

JOE RICHARD POOL, III; TRENTON DONN POOL;
ACCELEVATE2020, L.L.C.,

*Plaintiffs—Appellants*,

*versus*

CITY OF HOUSTON; ANNA RUSSELL, *in her official capacity as* THE
CITY SECRETARY OF THE CITY OF HOUSTON,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-2236

———————————————————————

Before WILLETT, HO, and DUNCAN, *Circuit Judges*.

PER CURIAM: *

Joe Pool and Richard Pool sued the City of Houston under 42 U.S.C.
§ 1983 for alleged violations of their First and Fourteenth Amendment

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

rights.[1]   They challenged provisions of the City's home-rule charter mandating certain residency and voter registration requirements be met by individuals seeking to gather signatures and place initiatives and referenda on ballots through petitions. HOUSTON, TEX., CITY CHARTER, art. VII-a, § 2; art VII-b §§ 2–3.   Under these Charter provisions, the Pools are ineligible to circulate petitions.   Seeking to place a proposed ordinance limiting campaign contributions from City contractors to candidates for municipal office on the Houston ballot, they initiated this suit in 2019.

They sought a preliminary injunction permitting them to gather signatures for this petition, a declaratory judgment that the challenged provisions of the Charter are unconstitutional, permanent injunctive relief, and nominal damages.   They also sought and were granted a temporary restraining order (TRO) allowing them to conduct their activities through the relevant deadline for placing initiatives on the ballot.   The district court later dismissed the Pools' claims as moot.   The Pools moved to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), but the district court concluded that there was no longer a live controversy and denied the motion.

The Pools appealed, and this court—finding that the Pools have standing and that their claims are not moot—reversed and remanded to the district court, where the merits of this suit now lie.   *Pool v. City of Houston*, 978 F.3d 307, 314 (5th Cir. 2020).

The appeal before us now concerns only the Pools' quest for attorney's fees for the portion of the litigation resulting in the grant of the TRO.   They moved for attorney's fees under 42 U.S.C. § 1988, but the district court denied the motion on the ground that the Pools failed to demonstrate that they are "prevailing parties."   42 U.S.C. § 1988; *Dearmore*

---

[1] Accelevate2020, L.L.C. is Trent Pool's company, and we refer to the Plaintiffs collectively as "the Pools."

*v. City of Garland*, 519 F.3d 517, 521 (5th Cir. 2008) (prevailing party status requires a plaintiff to "(1) obtain actual relief, such as an enforceable judgment or a consent decree; (2) that materially alters the legal relationship between the parties; and (3) modifies the defendant's behavior in a way that directly benefits the plaintiff at the time of judgment or settlement") (citation omitted).

The City has moved to dismiss this appeal on ripeness grounds because the Pools' merits challenge to the Charter is now back before the district court, which can reaffirm, reverse, or modify its decision with respect to attorney's fees connected to those claims. It maintains that we lack appellate jurisdiction because the district court's order denying attorney's fees is not final and has not "dispose[d] finally of the attorney's fee question." *Shipes v. Trinity Indus., Inc.*, 883 F.2d 339, 341–42 (5th Cir. 1989). *See also Ruiz v. Estelle*, 609 F.2d 118, 118–19 (5th Cir. 1980) (finding that an interim award of attorney's fees under § 1988 was not final under 28 U.S.C. § 1291 because it "did not conclusively determine the issue [and] was manifestly subject to later reconsideration by the [district] court").

The Pools "agree that there is no reason for the parties or this court to expend further resources litigating this fee appeal in light of the merits remand." They concede that they "can request fees at the conclusion of the case . . . including fees incurred with respect to the TRO," regardless of whether they ultimately win on the merits at the district court; that "the district court has the authority to reconsider, modify, or consider anew the issue of prevailing party status"; and that they "will still be able to seek fees in the district court for all phases of the case," even if this appeal is dismissed for lack of jurisdiction or for prudential reasons. They ultimately only dispute the City's contention that we lack jurisdiction to hear the appeal, arguing that the denial of attorney's fees was final at time this appeal was filed because it followed the district court's denial of their Rule 59(e) motion.

No. 20-20328

But that is not the relevant timeframe for determining ripeness. As "ripeness is peculiarly a question of timing, it is the situation now rather than the situation at the time of the District Court's decision that must govern." *Reg'l Rail Reorganization Act Cases*, 419 U.S. 102, 140 (1974). *See also Anderson v. Green*, 513 U.S. 557, 559 (1995) (per curiam) (action taken by court of appeals after the Supreme Court's grant of certiorari made the claim unripe). "[I]n weighing a ripeness claim, an appellate court may properly consider events occurring after the trial court's decision." *DM Arbor Ct., Ltd. v. City of Houston*, 988 F.3d 215, 219 (5th Cir. 2021) (quoting *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 833 F.2d 583, 586 n.2 (5th Cir. 1987). *See also* 13B Charles Alan Wright et al., Federal Practice and Procedure § 3532.7 (3rd ed. 2020) ("Ripeness should be decided on the basis of all the information available to the court. Intervening events that occur after decision in lower courts should be included . . . .").

Our remand of the merits case rendered the order denying attorney's fees interim. A district court's award or denial of interim attorney's fees is not a final order within the meaning of § 1291 and does not fall within the collateral order doctrine. *See*, *e.g.*, *Shipes*, 883 F.2d at 341–45; *Ruiz*, 609 F.2d at 118–19.

Accordingly, there is no jurisdictional basis for this appeal, and the City's motion to dismiss the appeal is granted.[2]

---

[2] We do not consider and pass no judgment upon the district court's analysis or any of the parties' arguments with respect to "prevailing party" status.