NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CUTSFORTH, INC.,**
*Appellant*

**v.**

**MOTIVEPOWER, INC.,**
*Appellee*

---

2015-1316

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2013-00274.

---

Decided: January 22, 2016

---

MATHIAS WETZSTEIN SAMUEL, Fish & Richardson P.C., Minneapolis, MN, argued for appellant. Also represented by ROBERT P. COURTNEY, CONRAD GOSEN.

JASON ALEXANDER ENGEL, K&L Gates LLP, Chicago, IL, argued for appellee. Also represented by BENJAMIN EDWARD WEED, ALAN L. BARRY, ROBERT J. BARZ.

---

Before PROST, *Chief Judge,* CLEVENGER, and MOORE, *Circuit Judges.*

CLEVENGER, *Circuit Judge.*

This appeal arises from the *inter partes* review ("IPR") of U.S. Patent No. 7,990,018 ("the '018 patent") owned by Cutsforth, Inc. ("Cutsforth"). The United States Patent and Trademark Office, Patent Trial and Appeal Board ("the Board") held that claims 1–24 of the '018 patent are unpatentable as obvious under 35 U.S.C. § 103. *MotivePower, Inc. v. Cutsforth, Inc.*, IPR2013-00274, Paper No. 31 (PTAB Oct. 30, 2014). Cutsforth appeals the Board's decision. Because the Board did not adequately describe its reasoning for finding the claims obvious, we vacate and remand for further proceedings.

I

The '018 patent is directed to a removable brush holder that can be used to pass electrical current in electrical devices or slip ring assemblies, such as electric generators and motors. The patent generally describes a brush holder assembly that allows a current to pass from a stationary device (such as a brush) to a moving contact, or vice versa. The brush is made of a conductive material and is held in place by a brush holder to remain in continuous contact with a moving conductive surface to generate an electrical current. The invention makes it easier to remove and replace brushes during operation as the brushes wear down, which allows for safer and more cost effective maintenance.

Independent claim 1 is representative of the claimed invention and reads as follows:

> 1. A brush holder assembly for holding a brush having a conductive element, the brush holder assembly comprising:

an elongated mounting block having a major axis, an upper end and a lower end, and a first and second outer side surfaces substantially parallel to said major axis, and including a stationary brush release proximate said lower end; and

a brush holder component adapted for removably mounting to the mounting block, the brush holder component comprising a brush box and a channel for receiving a portion of the mounting block therein, the channel including first and second inner side surfaces;

the brush holder component further comprising a brush catch having a first position and a second position, the brush catch preventing sliding movement of a brush within the brush box in the first position, and the brush catch permitting sliding movement of a brush within the brush box in the second position;

wherein the stationary brush release is positioned on the mounting block so that when the brush holder component is mounted on the mounting block, the stationary brush release engages with the brush catch, moving the brush catch into the second position.

U.S. Patent No. 7,990,018 col. 17 l. 64–col. 18 l. 20 (filed Sept. 21, 2010).

On May 8, 2013, MotivePower, Inc. ("MotivePower") petitioned for IPR, challenging all claims of the '018

patent.[1] The Board instituted review of all claims (1–24) based on the ground that all asserted claims would have been obvious in light of U.S. Patent No. 3,432,708 ("Bissett"), U.S. Patent No. 5,043,619 ("Kartman"), and U.S. Patent No. 3,864,803 ("Ohmstedt"). The Board issued its Final Written Decision on October 30, 2014. The Board first construed "mounting block" to mean "a base for affixing to another structure," and "removably mounting" to mean "mounting in a manner that is not permanent." In light of these constructions, the Board determined that all claims were obvious over Bissett, Kartman, and Ohmstedt, which also disclose various brush holder assemblies.

Cutsforth timely appealed the Board's decision to this Court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(A). In addition to its challenge to the Board's obviousness conclusions, Cutsforth also challenges the Board's interpretation of the "mounting block" limitation. As noted, the Board concluded that "mounting block" means "a base for affixing to another structure," and need not be fixed to another structure, as Cutsforth argues. We see no error in the Board's interpretation of "mounting block," and thus reject Cutsforth's argument, as we also did in Appeal No. 2015-1315, *Cutsforth, Inc. v. Motive-Power, Inc.*, No. 2015-1315, 2015 WL 9207283 (Fed. Cir. Dec. 17, 2015).

---

[1] MotivePower petitioned for IPR of five related patents, including the '018 patent. The Board instituted all five IPRs and every challenged claim was either cancelled by Cutsforth or found to be unpatentable by the Board. Cutsforth appealed three of the five decisions, including this one and Appeal No. 2015-1314 and Appeal No. 2015-1315, which were consolidated for oral argument before this Court.

## II

Under 35 U.S.C. § 103, an invention is unpatentable if the differences between the invention and the prior art are such that a person of ordinary skill in the art would have found the claimed invention obvious. The Board's ultimate determination of obviousness is a legal question, which we review de novo. *In re Kotzab*, 217 F.3d 1365, 1369 (Fed. Cir. 2000). However, we review the underlying factual findings for substantial evidence. *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *In re Gartside*, 203 F.3d 1305, 1312 (Fed. Cir. 2000) (citation omitted).

The issue in this case is whether the Board correctly determined that the '018 patent is obvious over Bissett, Ohmstedt, and Kartman. While we review this question de novo, we first consider the findings made by the Board to reach its conclusion.

First, regarding independent claim 1, the Board's analysis begins by summarizing MotivePower's arguments for why claim 1 is obvious over Bissett, Ohmstedt, and Kartman. The Board briefly describes MotivePower's belief that Bissett discloses several limitations of claim 1 and that it would have been obvious to adapt the brush holder of Bissett and combine it with key elements of Ohmstedt to produce the remaining limitations from claim 1. The Board also includes MotivePower's argument that it would be obvious to adapt the mounting block of Bissett (i.e., dovetails 18) with the mounting block of Kartman (i.e., detachable connecting means 42). This adaptation is referred to as the Bissett/Kartman mounting block. However, the Board stated no independent reasons for why claim 1 is obvious nor did it formally adopt MotivePower's arguments as its own reasoning.

Second, the Board found that dependent claim 5 is obvious in light of the prior art. Claim 5 reads "The brush

holder assembly of claim 1, wherein the mounting block includes a spring that applies spring force against at least a portion of the brush holder component when the brush holder component is mounted to the mounting block." The Board recites MotivePower's argument that the adapted Bissett/Kartman mounting block does include a spring (i.e., spring lead receptacle 32 of Bissett). The Board then determined "that positioning spring lead receptacle 32 on the Bissett/Kartman mounting block is a matter of design choice because its placement there would not alter the operation of the modified mounting block."

Third, the Board found that dependent claim 8 is obvious. Claim 8 reads "The brush holder assembly of claim 1, wherein the mounting block includes a portion that is moveable relative to the remainder of the mounting block and operable to engage with the removable brush holder component to secure the removable brush holder component to the mounting block." The Board again recited MotivePower's argument that one of ordinary skill in the art would know to move crosspiece 40 of Bissett to the mounting block, thereby incorporating a moveable portion on the mounting block. However, the Board gave no other reason for why this modification is obvious.

As we held in In re Sang-Su Lee, 277 F.3d 1338 (Fed. Cir. 2002), the Board must articulate its reasoning for making its decision. The Board must develop and explain the basis for its findings. This enables the reviewing court to conduct meaningful review of the proceedings. Broad, conclusory statements are not enough to satisfy the Board's obligation to provide reasoned explanation for its decision. *In re Sang-Su Lee*, 277 F.3d at 1343–45. In a case of obviousness, the Board must explain why a person of ordinary skill in the art would modify the prior art references to create the claimed invention. *See In re Kotzab*, 217 F.3d at 1371; *In re Rouffet*, 149 F.3d 1350, 1359 (Fed. Cir. 1998).

In this case, the Board made broad, conclusory statements in its analysis to determine that the claims of the '018 patent are obvious. The majority of the Board's Final Written Decision is spent summarizing the parties' arguments and offers only conclusory analysis of its own. While the decision does specify when it is rejecting a party's argument, the Board does not explain why it accepts the remaining arguments as its own analysis. This leaves little explanation for why the Board found the claimed invention obvious.

The first basis for the Board's obviousness conclusion is that it would have been obvious to modify elements from the Bissett and Kartman references to get the Bissett/Kartman mounting block. The Board's decision appears to assume this combination is obvious. It offers no explanation for why a person of ordinary skill in the art would adjust Bissett and Kartman to create the claimed mounting block of the '018 patent. The Board only states that MotivePower argued it was obvious to do so. Merely reciting MotivePower's argument does not satisfy the Board's responsibility to explain its own reasoning. The decision must explain why a person of ordinary skill in the art would find it obvious. The Board gives no such explanation.

For claim 5, which requires that the mounting block include a spring, the Board explains that the placement of the spring on the mounting block is simply a design choice. In Bissett, lead receptacle 32 is located on a stationary brush frame, not the mounting block. Yet, the Board determined that lead receptacle 32 could be positioned on the modified Bissett/Kartman mounting block and the elements would function as disclosed in the '018 patent. Thus, the Board found that the location of the spring is a design choice and is obvious. This statement alone is not enough to explain why the Board found claim 5 obvious. Merely stating that a particular placement of an element is a design choice does not make it obvious.

The Board must offer a reason for why a person of ordinary skill in the art would have made the specific design choice to locate the spring on the mounting block. Here, it does not.

For claim 8, the Board's explanation is nominal. Claim 8 requires that the mounting block include a movable portion. The Board recited MotivePower's argument that a person of ordinary skill in the art could modify and relocate an element of Bissett to the mounting block and this claim would be satisfied. There is no further explanation. Again, conclusory statements do not give adequate justification for why a claim is obvious. The Board does not give any reasons for how a person of ordinary skill would find this modification obvious.

## III

For the foregoing reasons, we hold that the Board's Final Written Decision does not provide enough explanation to support its finding of obviousness. Therefore, this Court cannot properly review whether there is substantial evidence to support the underlying factual findings of the Board's determination. When the Board determines that modifications and combinations of the prior art render a claimed invention obvious, the Board must fully explain why a person of ordinary skill in the art would find such changes obvious. We vacate the Board's decision and remand "for proceedings appropriate to the administrative process." *In re Sang-Su Lee*, 277 F.3d at 1346.

**VACATED AND REMANDED**