NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

_____

**SECURUS TECHNOLOGIES, INC.,**
*Appellant*

**v.**

**GLOBAL TEL\*LINK CORPORATION,**
*Appellee*

_____

2016-1992

_____

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2014-01278.

-------------------------------------------------------------------------

**SECURUS TECHNOLOGIES, INC.,**
*Appellant*

**v.**

**GLOBAL TEL\*LINK CORPORATION,**
*Appellee*

_____

2016-1993

_____

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2014-01282.

———————————

Decided: April 25, 2017

———————————

DANIEL FLETCHER OLEJKO, Bragalone Conroy PC, Dallas, TX, argued for appellant. Also represented by JEFFREY BRAGALONE, JUSTIN KIMBLE, TERRY SAAD.

JON WRIGHT, Sterne Kessler Goldstein & Fox, PLLC, Washington, DC, argued for appellee. Also represented by ROSS G. HICKS, MICHAEL BRADLEY RAY, MICHAEL D. SPECHT.

———————————

Before WALLACH, CHEN, and STOLL, *Circuit Judges*.

CHEN, *Circuit Judge*,

Securus Technologies, Inc. (Securus) appeals from the final written decisions of the United States Patent and Trademark Office, Patent Trial and Appeal Board (Board), holding all claims of U.S. Patent No. 7,860,222 (the '222 patent) unpatentable and denying Securus's identical motions to amend in two *inter partes* reviews (IPRs) requested by Global Tel*Link Corporation (Global). *See Global Tel*Link Corp. v. Securus Techs., Inc.*, IPR2014-01278, 2016 WL 783391 (PTAB Jan. 21, 2016) (-1278 IPR Board Decision); *Global Tel*Link Corp. v. Securus Techs.*, Inc., IPR2014-01282, 2016 WL 783411 (PTAB Jan. 21, 2016) (-1282 IPR Board Decision). Because the above-captioned appeals address overlapping claims and issues, we address them in this consolidated opinion.

In both appeals, we affirm the Board's findings of unpatentability for those claims for which the Board provided a reasoned explanation for its decision. For those claims for which the Board provided no explanation for its decision, however, we vacate and remand for the Board to do so. We affirm the Board's denial of Securus's motions to amend.

## BACKGROUND

Securus owns the '222 patent, which is entitled "Systems and Methods for Acquiring, Accessing, and Analyzing Investigative Information." It "relates generally to information systems and, more particularly, to the acquisition, access, and/or analysis of investigative information." '222 patent, col. 1, ll. 44–46. In particular, the '222 patent describes a system and method for reviewing conversation data for certain events and noting when something of interest happens. The '222 patent has two independent claims, which are representative. Claim 1 is directed to a system that allows a user to (i) bookmark events of interest in monitored communications; and (ii) search those communications for particular words:

1. A system comprising:

a communication services module operable to provide communications between individuals; and

an investigative tools module in communication with said communication service module operable to allow a user to monitor said communications between individuals and to place event identifiers in association with said communications between individuals, said event identifiers comprise a plurality of bookmarks representing different events of interest; and

said investigative tools module comprises a word search module to identify particular words within

said communications between individuals and place event identifiers in association therewith.

*Id.* at col. 34, ll. 8–21.   Claim 21 recites a method of monitoring communications and automatically inserting bookmarks based upon detected events:

21. A method comprising:

providing communications between individuals;

recording said communications between individuals;

monitoring said communications between individuals, said monitoring comprises logic of a call processing system analyzing content of said communications between individuals; and

placing a plurality of event identifiers in association with a recorded one of said communications between individuals based upon events detected by said monitoring.

*Id.* at col. 35, ll. 26–35.   The '222 patent also has thirty-four dependent claims, directed towards various modifications to the independent system and method claims.   For example, claim 2 recites that the user of the system is "an investigator" and claim 4 recites that the communications at issue are "controlled environment facility visitation calls."   *Id.* at col. 34, ll. 22–25, 29–31.

Global filed two petitions for IPR of the '222 patent, alleging that all thirty-six claims were unpatentable as obvious under 35 U.S.C. § 103.   The Board instituted review of all claims based on Global's petitions.   Specifically, in the -1278 IPR, the Board instituted review of claims 1, 3, 7–10, 14–19, 21, and 31–36 on the grounds that each claim was obvious over U.S. Patent Publication No, 2004/0081296 A1 (Brown).   The Board also instituted review of claims 2, 4–7, 9, 11–13, 16, 20, and 22–30 on the grounds that each claim was obvious over Brown in view

of various other additional references.[1]  In the -1282 IPR, the Board instituted review of claims 1, 3, 7–9, 14–18, 21, and 31–35 on the grounds that each was obvious in light of U.S. Patent No. 6,058,163 (Pattison) and U.S. Patent No. 7,092,494 (Anders).  The Board also instituted review of the remaining dependent claims on the grounds that each was obvious over Pattison and Anders in combination with the same additional references at issue in the -1278 IPR.

Securus filed a Patent Owner Response in both IPRs, challenging Global's asserted grounds of unpatentability. Securus also filed identical motions to amend in each proceeding, seeking to change the antecedent basis for six dependent claims.  Specifically, Securus sought to amend claims 15–20 to depend from claim 14, rather than from claim 1.   Global filed a Reply and opposed Securus's motions to amend.

The Board issued final written decisions in both IPRs, finding all claims unpatentable based on the grounds identified in the institution decisions.  For the independent claims, as well as certain dependent claims, the Board set forth the specific evidence and reasoning supporting its conclusion that the claims are unpatentable.  For other dependent claims, however, the Board provided only an essentially identical, generic sentence: "After consideration of the language recited in [the claims], the Petition, the Patent Owner Response, and the Petitioner's Reply, as well as the relevant evidence discussed in those papers, we find that one of ordinary skill in the art would have considered these dependent claims obvious over [the

---

[1]    In the -1278 IPR, the Board instituted on claims 7, 9, and 16 on two grounds: that each claim was obvious (i) over Brown alone; and (ii) over Brown in view of an additional reference.   The Board did not institute on alternative grounds for any other claims.

asserted art]."    -1278 IPR Board Decision, 2016 WL 783391, at *10, *13–15; -1282 IPR Board Decision, 2016 WL 783411, at *10, *12, *15–16.  The Board also denied Securus's motions to amend because the proposed amendments were not made in response to a ground of unpatentability raised in the IPRs as required by 37 C.F.R. § 42.121.

Securus timely appealed each of the Board's decisions. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

We review the Board's decisions under the standards set forth in the Administrative Procedure Act (APA), 5 U.S.C. § 706.  *Pride Mobility Prods. Corp. v. Permobil, Inc.*, 818 F.3d 1307, 1313 (Fed. Cir. 2016).  We set aside the Board's actions if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence."  5 U.S.C. § 706(2).  We review the Board's legal conclusions de novo and its factual findings for substantial evidence.  *In re Gartside*, 203 F.3d 1305, 1316 (Fed. Cir. 2000).  A finding is supported by substantial evidence if a reasonable mind might accept the evidence as adequate support for the finding.  *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).

A claim is unpatentable if the differences between the claimed subject matter and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art.  35 U.S.C. § 103;[2] *KSR Int'l Co. v. Teleflex*

---

[2]    Congress amended § 103 when it passed the Leahy-Smith America Invents Act (AIA). Pub. L. No. 112–29, § 3(c), 125 Stat. at 287.  However, because the application that led to the subject patent has never contained (1) a claim having an effective filing date on or after

*Inc.*, 550 U.S. 398, 406 (2007). Obviousness is a question of law based on underlying findings of fact. *Harmonic Inc. v. Avid Tech., Inc.*, 815 F.3d 1356, 1363 (Fed. Cir. 2016). The underlying findings of fact include the scope and content of the prior art, the differences between the prior art and the claimed invention, whether there is a motivation to combine prior art references, the level of ordinary skill in the art, and relevant objective indicia of nonobviousness. *Merck & Cie v. Gnosis S.P.A.*, 808 F.3d 829, 833 (Fed. Cir. 2015), *cert. denied*, 137 S. Ct. 297 (2016).

## I.    -1278 IPR Board Decision

### A.    Claims 1 and 21

Securus first challenges the Board's conclusion that independent claims 1 and 21 are unpatentable as obvious over Brown. Securus argues that the Board (i) improperly adopted arguments raised by Global for the first time in its Reply and misevaluated Brown's teachings regarding the "word search module" limitation of claim 1; and (ii) failed to provide sufficient justification for its decision regarding claim 21. We disagree with Securus and affirm the Board's decision that independent claims 1 and 21 are unpatentable as obvious over Brown.

Brown discloses a personal telephone recording (PTR) system that records a telephone conference and can replay the recording (or a portion of the recording) after or during the telephone conference. J.A. 770. The Brown PTR system also discloses a variety of features to assist the user in retrieving and manipulating the recorded information, including Bookmarking (345) and Data

---

March 16, 2013; or (2) a reference under 35 U.S.C. §§ 120, 121, or 365(c) to any patent or application that ever contained such a claim, the pre-AIA § 103 applies. *Id.* § 3(n)(1), 125 Stat. at 293.

Mining (385) components. J.A. 721. Bookmarking component 345 allows the PTR user to set bookmarks to, for example, identify where in the recorded conversation a certain topic was discussed. J.A. 773. Bookmarks are also automatically generated when a participant disconnects from or rejoins a conference call. *Id.* According to Brown, these bookmarks allow the user to identify, retrieve, and forward recorded information for a variety of purposes. Data mining component 385 is used to cull information from the call data, which is processed by data mining subcomponents Word Indexing 390 to create reports and Querying 395 to generate ad hoc queries. *Id.* Brown explains that the "[p]rocessing of the recorded call data may involve, for example, creating an index, annotating the call data, etc." J.A. 788. And "[a]nnotating the data may involve searching the call data for keywords and phrases." *Id.*

In the -1278 IPR Board Decision, the Board first found that "components of Brown's command processing component 340, including data mining component 385, word indexing component 390, bookmarking component 345, and querying component 395, constitute a 'word search module,' while Brown's voice receiver, command filter 215, voice-text converter 245, digital transmitter 285, email/computer system 282, and bookmarking component 345 collectively constitute an 'investigative tools module.'" -1278 IPR Board Decision, 2016 WL 783391, at *8. In addition, the Board found that "Brown separately teaches bookmarking data and annotating the data for word searches." *Id.* It concluded, "a person of ordinary skill in the art would have understood bookmarking component 345, which is part of command processing component 340, to constitute a 'word search module' that would be part of an 'investigative tools module.' . . . . Therefore, based on the record before us, we are satisfied that Brown teaches or suggests an 'investigative tools module' comprising a 'word search module.'" *Id.*

The Board went on to find that, in addition, "Brown teaches both bookmarking and annotation of data for word searching," thereby also meeting by way of this disclosure the limitations of "(1) an investigative tools module that allows event identifiers, such as bookmarks, to be made identifying events of interests that occur during the communication between individuals, and (2) a word search module that identifies word[s] in the communication between individuals and can place event identifiers at particular words." *Id.*

Securus first argues that the Board's analysis above impermissibly relied on an argument allegedly raised for the first time in Global's Reply—that Brown's bookmarking component 345 was relevant to the analysis of the claimed "word search module." Securus does not meaningfully argue that it was prejudiced in any way by the Board's reliance on bookmarking component 345 (in combination with other components) to conclude that Brown teaches or suggests the limitation. Nor does Securus argue that it was not afforded a meaningful opportunity to respond to this argument. Securus argues only that because Global did not advance this particular argument in its petition, the Board was not permitted to rely on the argument in its final decision. We find Securus's argument unpersuasive.

Having reviewed the record, we find no error in the Board's consideration of the argument raised in Global's reply brief. Global expressly identified bookmarking component 345 in the petition, linked the setting of bookmarks to bookmarking component 345, and argued that the setting of bookmarks satisfies the recited limitation of a word search module to identify particular words within said communications between individuals and place event identifiers in association therewith. In its Patent Owner's Response, Securus did not dispute that Brown taught bookmarking functionality, but argued only that Global did not expressly argue that bookmarking component 345

was part of the claimed word search module. In response, Global clarified that its argument regarding setting bookmarks necessarily contemplates that Brown's bookmarking component 345 is part of the disclosed word search module. We see no error in the Board's decision to consider that argument as proper rebuttal. *See Ariosa Diagnostics v. Verinata Health, Inc.*, 805 F.3d 1359, 1368 (Fed. Cir. 2015) ("The Board must make judgments about whether a Petition identified the specific evidence relied on in a Reply and when a Reply contention crosses the line from the responsive to the new.").

To the extent Securus argues that the Board was not permitted to formulate an understanding of Brown's teachings that is different from what was set forth in Global's Petition or in the Institution Decision, we disagree. "There is no requirement, either in the Board's regulations, in the APA, or as a matter of due process, for the institution decision to anticipate and set forth every legal or factual issue that might arise in the course of the trial." *Genzyme Therapeutic Prods. v. Biomarin Pharmaceutical Inc.*, 825 F.3d 1360, 1366 (Fed. Cir. 2016). The relevant question is whether Securus had a fair opportunity to respond to Global's argument that was adopted by the Board in the final decision. Here, Securus has not shown that the Board's decision rested on any factual or legal argument regarding Brown's bookmarking component 345 for which it was denied notice or an opportunity to be heard in the proceedings below. Moreover, it is incumbent upon the party complaining of some procedural violation—such as the inclusion of improper rebuttal in a reply brief—to first raise the issue below. *See Belden Inc. v. Berk-Tek LLC*, 805 F.3d 1064, 1081 (Fed. Cir. 2015) ("With no Board denial of concrete, focused requests before us, we are not prepared to find that [the appellant] was denied a meaningful opportunity to respond."). Securus presents no evidence that it availed itself of the procedures for filing a sur-reply, a motion to strike, or a

conference call to challenge this allegedly improper argument. On the merits, we conclude that substantial evidence supports the Board's findings that Brown discloses all of the limitations of claim 1—including the word search module—and agree that Brown's teachings render the claim obvious. We therefore affirm the Board's decision that claim 1 is unpatentable.

Securus next argues that the Board's analysis of claim 21 is insufficient. Securus contends that the Board's reasoning for finding claim 21 unpatentable in the final decision is identical to the reasoning articulated in the institution decision. According to Securus, merely restating the basis for instituting review does not account for the higher burden of proof that the petitioner bears to ultimately prevail in showing unpatentability. Thus, Securus argues the Board erred in failing to cite additional evidence and additional analysis over and above what it previously stated in the institution decision. In particular, Securus contends that the Board failed to specifically refute certain arguments raised by Securus after institution—in its Patent Owner Reply. We find these arguments unpersuasive.

Regardless of whether the burden placed on the petitioner to prove unpatentability is greater than the burden to initiate IPR, there is no requirement that the Board must identify additional evidence or formulate additional reasoning in the final decision to account for that different burden. The operative question is whether the Board has articulated a reasoned explanation for its conclusion of unpatentability that is supported by substantial evidence. Also, the Board is "not require[d] . . . to address every argument raised by a party or explain every possible reason supporting its conclusion." *Synopsys, Inc. v. Mentor Graphics Corp.*, 814 F.3d 1309, 1322 (Fed. Cir. 2016). Here we are satisfied that the Board considered Securus's various arguments. *See* -1278 IPR Final Decision, 2016 WL 783391, at \*9. Having reviewed the record,

we conclude that the Board's decision that Brown disclos-es each of the limitations of claim 21, even when viewed in light of the arguments raised by Securus that may detract from that conclusion, is supported by substantial evidence. Specifically, we agree with the Board's analysis that Brown's disclosure of converting voice data to text data and displaying that converted data—at e.g., J.A. 773–774, 784—satisfies the "monitoring said communica-tion between individuals, said monitoring comprises logic of a call processing system analyzing content of said communications between individuals." We therefore affirm the Board's decision the claim 21 is unpatentable.

### B.          Claims 2, 4, 6, 10–11, and 13

Securus also mounts a series of procedural attacks on the Board's analysis of specific dependent claims. In particular, Securus argues the Board improperly relied on new arguments, shifted the burden to Securus to prove patentability, and provided insufficient analysis to sup-port its conclusion that claims 2, 4, 6, 10–11, and 13 are unpatentable. Having thoroughly reviewed the record, we find all of these arguments without merit.

As with Securus's procedural challenge to the Board's analysis of claim 1, we find Securus's challenge to the Board's reliance on these other so-called new arguments to be similarly misplaced. We are not persuaded that these arguments were improper rebuttal, nor do we see any evidence that Securus was denied notice and an opportunity to respond to them.

We also find no error in the sufficiency of the Board's analysis of these claims. With respect to claim 6, for example, the Board recounted the parties' arguments, identified the specific portion of Global's petition inform-ing the Board's decision, and explained why it found Securus's argument unpersuasive. *See* -1278 IPR Final Decision, 2016 WL 783391, at *14–15 (specifically identi-fying J.A. 85–87 and J.A. 769–70 as supporting its analy-

sis). We have reviewed the parties' arguments and the evidence in the record and find that the Board's adoption of Global's argument, in this case, provides a sufficiently clear unpatentability rationale supported by substantial evidence.

Moreover, we see no evidence that the Board impermissibly shifted the burden to Securus in any respect. For example, as relevant to the analysis of claims 2, 11, and 13, the Board recounted the parties' positions, concluded that it found Global's position to be persuasive, and provided specific reasons why it considered Securus's arguments to be unpersuasive. In identifying the failings of Securus's arguments, the Board did not, as Securus contends, shift the burden to Securus. The Board's reasoning is clear, substantial evidence supports its findings, and we see no error in its ultimate conclusion of unpatentability.

We therefore affirm the Board's conclusion that claims 2, 4, 6, 10–11, and 13 are unpatentable.

C.      Claims 3, 8, 14–15, 17, 19, 22–32, and 34–36

Securus also argues that the Board failed to articulate any reason supporting its decision that claims 3, 8, 14–15, 17, 19, 22–32, and 34–36 are unpatentable. We agree.

As we explained in *In re Nuvasive, Inc.*, two distinct yet related principles are relevant to our review. 842 F.3d 1376, 1382 (Fed. Cir. 2016). First, the Board must "make the necessary findings and have an adequate 'evidentiary basis for its findings.'" *Id.* (quoting *In re Lee*, 277 F.3d 1338, 1344 (Fed. Cir. 2002)). Second, the Board "must examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *Id.* (citing *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)); s*ee also Synopsys*, 814 F.3d at 1322 (stating that, as an administrative agency, the

Board "must articulate logical and rational reasons for [its] decisions").

We do not require perfect explanations and will uphold the Board's decision "if we may reasonably discern that it followed a proper path, even if that path is less than perfectly clear." *Ariosa Diagnostics*, 805 F.3d at 1365 (citation omitted). However, "it is not adequate to summarize and reject arguments without explaining why the [Board] accepts the prevailing argument." *Nuvasive*, 842 F.3d at 1383; *see also Cutsforth, Inc. v. MotivePower, Inc.*, 636 Fed. App'x 575, 578 (Fed. Cir. 2016) (vacating and remanding, because "[t]he majority of the Board's Final Written Decision is spent summarizing the parties' arguments and offers only conclusory analysis of its own.").

Here, the Board failed to articulate *any* reasoning for reaching its decision as to these claims. While the Board need not expound upon its reasoning in great detail in all cases—and we make no comment on the specific level of detail required to sufficiently address the merits of these claims in particular—it must provide some reasoned basis for finding the claims obvious in order to permit meaningful review by this court. *See Lee*, 277 F.3d at 1346 (emphasizing that remand is required where a board decision "is potentially lawful but insufficiently or inappropriately explained"). We therefore conclude that the Board's holding that claims 3, 8, 14–15, 17, 19, 22–32, and 34–36 are unpatentable is insufficient and remand for further proceedings. Although we conclude the Board erred as to this entire group of claims, as will be explained *infra*, we remand only claims 3, 8, 14, 17, 22–24, 27, 29–31, and 34–35. We dismiss as moot the appeal of claims 15, 19, 25–26, 28, 32, and 36 because we affirm the -1282 IPR Board Decision that these latter claims are unpatentable.

D.      Claims 5, 7, 9, 12, 16, 18, 20, and 33

Unlike the preceding groups of claims, Securus does not raise any argument on appeal regarding the Board's decision that the remaining claims—5, 7, 9, 12, 16, 18, 20, and 33—are unpatentable, separate from its challenge to the Board's analysis of the independent claims. As such, Securus has waived any arguments that those claims should be analyzed separately from the independent claims. *See In re Kaslow*, 707 F.2d 1366, 1376 (Fed. Cir. 1983) ("Since the claims are not separately argued, they all stand or fall together." (citation omitted)). Because we affirm the Board's finding of unpatentability as to the independent claims, we also affirm the Board's finding of unpatentability with respect to these dependent claims.

II.      -1282 IPR Board Decision

A.      Claims 1–2, 4–7, 9–13, 16, 18, 20–21, and 33

Our holding above affirming the unpatentability of claims 1–2, 4–7, 9–13, 16, 18, 20–21, and 33 in the -1278 IPR Board Decision leaves no live issue as to the unpatentability of these claims in the -1282 IPR Board Decision. *See Synopsys, Inc. v. Lee*, 812 F.3d 1076, 1077–78 (Fed. Cir. 2016); 13C Charles Alan Wright et al., Federal Practice and Procedure § 3533.10 (3d ed. 2017) ("Among the circumstances that create mootness are rulings in other adjudicatory proceedings, including rulings by the same court in the same or companion proceedings . . . ."). We therefore dismiss as moot Securus's challenge to the Board's analysis of these claims in the -1282 IPR Board Decision.

B.      Claims 15, 19, 25–26, 28, 32, and 36

i.      Analysis of the Independent Claims

Although we dismiss as moot Securus's challenge to the Board's holding that independent claims 1 and 21 are unpatentable, we must nevertheless address the patenta-

bility of the remaining dependent claims that we did not affirm as unpatentable in the -1278 IPR Board Decision. The Board's decision that the dependent claims are unpatentable rests on the premise that the independent claims are, as an initial matter, obvious over Anders and Pattison. If the Board incorrectly concluded in the -1282 IPR Board Decision that the independent claims are unpatentable over this combination of references, its decision with respect to the dependent claims would similarly be error. We therefore address Securus's challenge to the Board's analysis of the independent claims.

Securus first argues that the Board relied upon an argument not raised by Global regarding the "investigative tools module" of claim 1—namely, that the Anders reference alone discloses the limitation. According to Securus, Global argued only that the combination of Anders and Pattison teaches the "investigative tools module." Thus, Securus contends the Board's decision, relying on Anders alone to satisfy this limitation must be reversed. We disagree with Securus's characterization of the record.

The Board's finding in the final decision that Anders alone taught the "investigative tools module" was not a new argument. In the petition, Global argued that both Anders and Pattison disclose all aspects of the "investigative tools module" limitation. In the institution decision, the Board agreed that both Anders and Pattison describe or suggest the limitation. However, in the analysis that followed, the Board discussed only how Anders disclosed the limitation. In the final decision the Board maintained that both Anders and Pattison disclose the "investigative tools module" limitation, however, it again relied solely on Anders to support its conclusion that the references teach each of the claimed limitations. We see no error in the Board's reliance on Anders alone to find that the "investigative tools module" was disclosed by the prior art.

Moreover, the Board's finding is supported by substantial evidence. First, the '222 patent imparts no significant physical limitation on the term module. *See, e.g.*, '222 patent, col. 10, ll. 10–13 ("Each of these vertical applications and modules may provide features and functions desirable with respect to the controlled environment facility"); *id.* at col. 11, ll. 57–58 ("The features and functions provided by vertical applications and modules . . . ."). The Board's understanding of a module as either hardware or software that performs a certain function is, therefore, correct under the broadest reasonable interpretation of the term. And its conclusion that Anders teaches the claimed investigative tools module for monitoring and bookmarking communications is supported by substantial evidence. Anders discloses, for example, that "[a] voice comparing means 16 is used where key words or phrases or tone numbers are analyzed." *Id.* at col. 7, ll. 24–26. Moreover, the monitored communication data "may be modified by marking the call or the word within the call data." *Id.* at col. 8, ll. 4–5. Anders explains that "[t]his marking is accomplished by a marking means 23 which is a combination of software and the hard drive storage in the Controller 3 and ASR/VPN voice comparing means 16." *Id.* at col. 8, ll. 9–11. Given this disclosure, we find no error with the Board's finding that Anders teaches the claimed "investigative tools module" and conclusion that the combination of Anders and Pattison renders the independent claims obvious.

Securus next makes a similar argument that the Board erred in finding that Anders alone discloses the "logic of a call processing system" limitation of claim 21 because that argument was not advanced by Global in the petition. As with Securus's argument regarding claim 1, we disagree with Securus's characterization of the record. Just as with claim 1, both Global in the petition and the Board in the institution decision contended that Anders alone teaches the limitation. Moreover, we find no error

in the Board's analysis, at -1282 IPR Decision, 2016 WL 783411, at *9–10, and conclude that its decision that claim 21 is unpatentable is supported by substantial evidence.

### ii.          Claims 19, 25–26, 28, and 36

Securus raises no separate challenge to the Board's conclusion that dependent claims 19, 25–26, 28, and 36 are unpatentable. Because we affirm the Board's finding of unpatentability as to the independent claims, we also affirm the Board's finding of unpatentability with respect to these dependent claims.

### iii.  Claims 15 and 32

Securus raises an additional challenge to the Board's analysis of dependent claims 15 and 32. Again Securus argues that the Board incorrectly relied on an argument not advanced by Global to reach the conclusion that these two claims are unpatentable. As with Securus's similar arguments we rejected above, we also find this argument meritless.

In addition, Securus argues that, on the merits, Anders fails to satisfy the "communication timeline having said one or more said event identifiers placed in association therewith" limitation. We disagree. Substantial evidence supports the Board's finding that Anders, specifically at col. 13, ll. 29–33, teaches or suggests to a person of skill in the art the claimed communication timeline. We therefore affirm the Board's decision that claims 15 and 32 are unpatentable.

### C.          Claims 3, 8, 14, 17, 22–24, 27, 29–31, and 34–35

As with the -1278 IPR Board Decision, Securus argues that the Board erred in failing to provide any analysis supporting its conclusion that claims 2–3, 7–8, 10–11, 13–14, 16–18, 22–24, 27, 29–31, and 33–35 are unpatentable. For the same reasons explained above with respect to the

-1278 IPR Board Decision, we agree with Securus and vacate and remand. Because we affirm the -1278 IPR Board Decision that claims 2, 7, 10–11, 13, 16, 18, 33 are unpatentable, we vacate and remand for further proceedings only as to claims 3, 8, 14, 17, 22–24, 27, 29–31, and 34–35.

### D.    Motions to Amend

Securus finally appeals the denial of Securus's motions to amend. We review the Board's denial of Securus's motions to amend under the APA, 5 U.S.C. § 706. *Microsoft Corp. v. Proxyconn, Inc.*, 789 F.3d 1292, 1306 (Fed. Cir. 2015). We set aside the Board's action only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). We affirm.

"A motion to amend may be denied where: (i) [t]he amendment does not respond to a ground of unpatentability involved in the trial . . . ." 37 C.F.R. § 42.121(a)(2). In denying Securus's motions to amend, the Board first noted that Securus admitted numerous times in its motions that the proposed changes "are not made in response to a ground of unpatentability in the [*inter partes* review]." *See* -1278 IPR Board Decision, 2016 WL 783391, at *16; -1282 IPR Board Decision, 2016 WL 783411, at *17. Moreover, the Board found that even though Securus later argued that its admission was merely a typographical error carried through both motions, Securus nevertheless failed to establish *how* the proposed amendments were in response to a ground of unpatentability. We find no error in the Board's analysis. Even if Securus's repeated admission was merely a typographical error—made 14 times in the two motions—we agree with the Board that its motions elsewhere fail to demonstrate compliance with 37 C.F.R. § 42.121(a)(2)(i). We therefore affirm the Board denial of Securus's motions to amend.

CONCLUSION

We have considered the remainder of Securus's arguments and find them to be unpersuasive. For the foregoing reasons, we affirm the -1278 IPR Board Decision that claims 1–2, 4–7, 9–13, 16, 18, 20–21, and 33 are unpatentable. We also affirm the -1282 IPR Board Decision that claims 15, 19, 25–26, 28, 32, and 36 are unpatentable. We dismiss as moot Securus's appeal of the -1278 IPR Board Decision as to claims 15, 19, 25–26, 28, 32, and 36 because we affirm the -1282 IPR Board Decision that they are unpatentable. Likewise, we dismiss as moot Securus's appeal of the -1282 IPR Board Decision as to claims 1–2, 4–7, 9–13, 16, 18, 20–21, and 33 because we affirm the -1278 IPR Board Decision that they are unpatentable. We vacate and remand as to claims 3, 8, 14, 17, 22–24, 27, 29–31, and 34–35 in both IPRs. We also affirm the Board's denial of Securus's motion to amend in both IPRs.

**AFFIRMED-IN-PART, DISMISSED-IN-PART, VACATED-IN-PART, AND REMANDED IN BOTH APPEALS**

COSTS

No costs.