# United States Court of Appeals for the Federal Circuit

_____

**KOSS CORPORATION,**
*Appellant*

**v.**

**BOSE CORPORATION,**
*Appellee*

_____

2022-2090

_____

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2021-00297.

-------------------------------------------------

**KOSS CORPORATION,**
*Appellant*

**v.**

**BOSE CORPORATION,**
*Cross-Appellant*

_____

2023-1173, 2023-1179, 2023-1180, 2023-1191

_____

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2021-00612, IPR2021-00680.

————————————

Decided:  July 19, 2024

————————————

MARK G. KNEDEISEN, K&L Gates LLP, Pittsburgh, PA, argued for appellant.  Also represented by BRIAN PAUL BOZZO, RAGAE GHABRIAL, CHRISTOPHER MICHAEL VERDINI, MICHELLE WEAVER.  Also represented by LAUREN S. MURRAY in Appeal No. 2022-2090.

NATHAN R. SPEED, Wolf Greenfield & Sacks, PC, Boston, MA, argued for appellee in Appeal No. 22-2090.  Also represented by GREGORY S. NIEBERG, MICHAEL N. RADER, New York, NY.

MICHAEL N. RADER, Wolf Greenfield & Sacks, PC, New York, NY, argued for cross-appellant in Appeal Nos. 2023-1173, 2023-1179, 2023-1180, 2023-1191.  Also represented by GREGORY S. NIEBERG; NATHAN R. SPEED, Boston, MA.

————————————

Before HUGHES, STOLL, and CUNNINGHAM, *Circuit Judges*.

HUGHES, *Circuit Judge*.

Koss Corp. appeals, and Bose Corp. cross-appeals, the Patent Trial and Appeal Board's decisions in IPR2021-00297, IPR2021-00612, and IPR2021-00680, involving Koss Corp.'s wireless earphone patents. Because all the claims in the patents at issue were invalidated in prior district court litigation, we find the appeals moot and dismiss.

## I

### A

Koss Corp. (Koss) is the assignee of U.S. Patent No. 10,368,155 (the '155 patent), U.S. Patent No. 10,469,934 (the '934 patent), and U.S. Patent No. 10,206,025 (the '025 patent). *Koss I* J.A. 135; *Koss II* J.A. 226, 258.[1] The patents' common specification discloses a wireless earphone that communicates with a digital-audio source, such as an iPod, over an ad hoc wireless network like Bluetooth. *Koss I* J.A. 154–55; *Koss II* J.A. 245–46, 277–78.

### B

On July 22, 2020, Koss filed a patent infringement suit in the District Court for the Western District of Texas against Bose Corp. (Bose), alleging that Bose infringed three Koss patents: the '155 patent, the '025 patent, and the '934 patent. *Koss I* J.A. 3655. On the same day, Koss also filed an infringement action concerning the '155, '934, '025, along with other patents against Plantronics, Inc. (Plantronics). *Koss I* J.A. 7909. In response, Bose filed a motion challenging venue in the Western District of Texas. Def.'s Motion to Dismiss at 1, *Koss Corp. v. Bose Corp.*, Case No. 6:20-cv-00661, ECF No. 20 (W.D. Tex. Dec. 17, 2020). Separately, Bose petitioned for inter partes review (IPR) of all three patents before the Patent Trial and Appeal Board. *Koss I* J.A.167–278; *Koss I* J.A. 4–5.

Then, on December 10, 2020, Bose filed a declaratory judgment action in the District Court for the District of Massachusetts seeking a declaration of noninfringement of the three Koss patents asserted against Bose in the

---

[1]    For simplicity, citations to the briefs, joint appendix, and record in Appeal No. 22-2090 are prefaced by *Koss I*, while citations to the briefs, joint appendix, and record in Appeal No. 23-1173 are prefaced by *Koss II*.

4                 KOSS CORPORATION v. BOSE CORPORATION

Western District of Texas. Complaint at 1, *Koss Corp. v. Bose Corp.*, Civ. Action No. 1:20-cv-12193, ECF No. 1 (D. Mass. Dec. 10, 2020). The case was stayed pending resolution of Bose's improper-venue motion in the Western District of Texas. *Koss Corp. v. Bose Corp.*, Civ. Action No. 1:20-cv-12193, ECF No. 8 (D. Mass. Feb. 5, 2021).

In June 2021, the District Court for the Western District of Texas dismissed Koss's complaint against Bose for improper venue. Order, *Koss Corp. v. Bose Corp.*, Case No. 6-20-cv-00661, 2021 WL 7541417 (W.D. Tex. June 22, 2021). Upon dismissal, Koss filed a counterclaim against Bose in the District Court for the District of Massachusetts asserting infringement of the same three Koss patents. Answer and Counterclaims at 9–27, *Koss Corp. v. Bose Corp.*, Civ. Action No. 1:20-cv-12193, ECF No. 14 (D. Mass. July 29, 2021).

In September 2021, the Massachusetts district court stayed the case pending resolution of the IPRs, Order, *id.*, ECF No. 30 (D. Mass. Sept. 3, 2021),which the Board instituted, *Koss I* J.A. 408–60, *Koss II* J.A. 1046–89, 11959–12012, and continued the stay until their completion, Order, *Koss Corp. v. Bose Corp.*, Civ. Action No. 1:20-cv-12193, ECF No. 33 (D. Mass. Oct. 15, 2021). The Massachusetts case remains stayed pending Bose's IPRs of the Koss patents, including the appeals of those IPRs now before us.

During this same period, Koss's district court infringement action against Plantronics—involving, among other patents, the same three patents asserted against Bose—was transferred to the Northern District of California. Order, *Koss Corp. v. Plantronics, Inc.*, Case No. 6:20-cv-00663, ECF No. 45 (W.D. Tex. May 20, 2021). Plantronics moved to dismiss Koss's First Amended Complaint on the ground that all claims of the asserted patents, including all claims of the '155, '934, and '025 patents, are invalid under 35 U.S.C. § 101 for claiming patent-ineligible subject

matter. Defs.' Motion to Dismiss First Amended Complaint at 8–17, 22–25, *Koss Corp. v. Plantronics, Inc.*, Case No. 4:21-cv-03854, ECF No. 80 (N.D. Cal. Nov. 1, 2021). The motion to dismiss was fully briefed. Response, *id.*, ECF No. 82 (N.D. Cal. Nov. 15, 2021), Reply, *id.* ECF No. 83 (N.D. Cal. Nov. 22, 2021). The district court granted Plantronics's motion, finding all claims of the asserted patents—including the '155, '934, and '025 patents at issue here—invalid under 35 U.S.C. § 101.[2] Order at 16, *id.*, ECF No. 88 (N.D. Cal. Nov. 16, 2022).

Following the district court's invalidation of all of the patents' claims, it granted Koss leave to amend. *Id.* Koss then filed a Second Amended Complaint in which it re-asserted the '934 and '025 patents against Plantronics, but limited its infringement allegations to certain claims that involved signal strength technology in the patents. Second Amended Complaint at 16–34, *id.*, ECF No. 91 (N.D. Cal. Dec. 7, 2022) (First and Second Causes of Action). Plantronics moved to dismiss the Second Amended Complaint on the ground that the asserted patents' claims are unpatentable under 35 U.S.C. § 101. Defs.' Motion to Dismiss Second Amended Complaint at 8–14, 20–25, *id.*, ECF No. 93 (N.D. Cal. Dec. 21, 2022). Again, the motion was fully briefed. Response, *id.*, ECF No. 96 (N.D. Cal. Jan. 11, 2023); Reply, *id.,* ECF No. 98 (N.D. Cal. Jan. 25, 2023).

Rather than wait for the district court to decide Plantronics's second Motion to Dismiss, Koss voluntarily stipulated to dismiss the litigation with prejudice. Stipulation at 2, *id.*, ECF No. 101 (N.D. Cal. Aug. 4, 2023). When doing so, Koss did not ask the district court to vacate its earlier order finding all claims of the asserted patents invalid. The district court subsequently entered an order formally

---

2    The Dismissal Order also invalidated all claims of three other Koss patents not at issue in these appeals: U.S. Patent Nos. 10,506,325; 10,757,498; and 10,848,852.

dismissing Koss's suit against Plantronics with prejudice. Order, *id.*, ECF No. 102 (N.D. Cal. Aug. 4, 2023). The deadline for Koss to appeal the district court's final judgment was September 5, 2023. *See* Fed. R. App. P. 4(a)(1)(A). Koss did not appeal.

On September 20, 2023, after the *Plantronics* dismissal, Bose moved to dismiss the appeals of the IPRs before us as moot (Appellee's Mot.), arguing that *Plantronics* invalidated the claims at issue in the appeals. *Koss I* ECF No. 30; *Koss II* ECF No. 35. Koss opposed the motions (Appellant's Opp.) and Bose replied (Appellee's Reply). *Koss I* ECF Nos. 32, 34; *Koss II* ECF Nos. 37, 39. Oral arguments in both *Koss I* and *II* occurred on February 6, 2024, addressing both the substance of the appeals and the issue preclusion issue. *Koss I* ECF No. 36; *Koss II* ECF No. 41. We have statutory jurisdiction under 28 U.S.C. § 1295(a)(1).

II

Issue preclusion is "a purely procedural issue" as presented here, therefore we apply the law of the regional circuit—in this case, the Ninth Circuit—with respect to the effect of a previous judgment. *RF Del., Inc. v. Pac. Keystone Techs., Inc.*, 326 F.3d 1255, 1261 (Fed. Cir. 2003).[3]

---

[3] Our "court has developed its own law with respect to res judicata (including collateral estoppel) in non-patent cases . . . . But in patent cases, despite our exclusive jurisdiction, we have generally stated that we look to regional circuit law for general principles of res judicata." *Uniloc USA, Inc. v. Motorola Mobility LLC*, 52 F.4th 1340, 1346 n.3 (Fed. Cir. 2022). Despite this ambiguity, we need not resolve which circuit's law should govern here because our law and Ninth Circuit law are, in relevant respects, the same. *See, e.g.*, *Foster v. Hallco Mfg. Co.*, 947 F.2d 469, 477 n.7 (Fed. Cir. 1991) (applying Ninth Circuit law to an issue of res judicata).

## III

The Constitution limits the "judicial power" vested in the courts to "[c]ases" or "[c]ontroversies." U.S. CONST. art. III, § 2. "It is well settled that the case-or-controversy requirement, including mootness, subsists through all stages of federal judicial proceedings, trial and appellate." *Synopsys, Inc. v. Lee*, 812 F.3d 1076, 1078 (Fed. Cir. 2016) (quotation marks omitted). "[A]n appeal should . . . be dismissed as moot when, by virtue of an intervening event, a court of appeals cannot grant any effectual relief whatever in favor of the appellant." *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (quotation marks omitted). Thus, if the patent claims at issue in these appeals are invalid due to the "intervening" dismissal in *Plantronics*, Koss is precluded from asserting its patents' claims—now and in the future—and these appeals are moot.

The question before us is whether the *Plantronics* district court's invalidation of all claims of the '155, '025, and '934 patents is final, as Bose contends, or was superseded by Koss's Second Amended Complaint, as Koss contends. *See Koss I* Appellee's Mot. 4; *Koss I* Appellant's Opp. 5. Typically, when a district court issues a final judgment, any interlocutory orders merge with that final judgment. For instance, in *Hartley v. Mentor Corp.*, 869 F.2d 1469, 1472 (Fed. Cir. 1989) (applying Ninth Circuit law), we held that an interlocutory summary judgment of invalidity merged with the final stipulation of dismissal with prejudice. In that case, the district court granted summary judgment that an asserted patent was invalid. *Id.* at 1471. When that summary judgment order issued, it was interlocutory, or non-final, as litigation was ongoing. Subsequently, the order became final and appealable when it merged with a stipulated dismissal with prejudice, which concluded litigation. *Id.* at 1472 ("[I]ssue preclusion is likely to be based on what was *at the time* an 'interlocutory' ruling, and generally such orders become finalized upon entry of the judgment in the case."). Because the patentee neither appealed

the summary judgment order, nor sought to have it vacated by the district court, our court held that the order had preclusive effect in later litigation against a different defendant. *Id.* at 1472–74.

Koss attempts to distinguish this precedent by arguing that the district court's ineligibility ruling became a nullity on the filing of the Second Amended Complaint. Not so. The Ninth Circuit has made it clear that claims in prior dismissed complaints need not be raised in amended complaints for them to be appealable. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) ("[C]ourts have concluded that the plaintiff does not forfeit the right to challenge [a] dismissal on appeal simply by filing an amended complaint that does not re-allege the dismissed claim." (quotation marks omitted)). As the Ninth Circuit explained, a rule requiring repleading is unfair to the parties and the district court. *Id.* at 927–28. Consequently, if claims need not be repleaded to be appealable, then the order dismissing those claims is not rendered a nullity and merges into the final judgment. Contrary to Koss's understanding, its decision not to reallege all of the dismissed claims in district court did not alter its ability to appeal the district court's order regarding ineligibility as to the claims not realleged (i.e., did not render the order an unappealable nullity as to those claims). What altered Koss's right to appeal was its own voluntary decision to dismiss the case with prejudice without reserving a right of appeal.

The same facts that triggered preclusion in *Hartley* are present here. The district court's invalidity order, which was interlocutory when issued, merged with the final judgment dismissing the case with prejudice. *See Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005) (A "stipulated dismissal of an action with prejudice in a federal district court generally constitutes a final judgment on the merits."). In other words, while the invalidity order may not have been final and appealable when it issued in November 2022, it became final and appealable in

August 2023 when Koss stipulated to the dismissal of its suit. And as in *Hartley*, Koss neither appealed the invalidation nor had it vacated. *Cf.* 869 F.2d at 1473 ("Under Ninth Circuit law, to be assured that the judgment here would have no collateral estoppel effect, Hartley would have had to have the *3M* court vacate its order, which he failed to do . . . .").

Koss's patent claims are thus invalid, removing any case or controversy and rendering these appeals moot. *See Blonder-Tongue Lab'ys, Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 339–40 (1971). We, therefore, dismiss.

**DISMISSED**